United States District Court
Southern District of Texas
**ENTERED**
July 05, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| ROSS VALIGURA, HARRY DENMARK | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:06-MC-55 |
| | § | |
| E. BALLI, *et al.* | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiffs Ross Valigura and Harry Denmark initiated this miscellaneous action seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983.  (Docket No. 1-1.)  When they initiated this action, Plaintiffs were state prisoners proceeding pro se.  They were attempting to assert civil rights claims against multiple defendants working at the Texas Department of Criminal Justice Segovia Unit for cruel and unusual punishment due to various claims of unsuitable living conditions and lack of resources.  (*Id.* at 14.)  Plaintiff Valigura also filed an "Application to Proceed in Forma Pauperis." (Docket No. 1.)  However, because it was unclear whether Plaintiffs should be able to proceed in forma pauperis, the Court entered an Order explaining to them their obligations pursuant to the Prison Litigation Reform Act ("PLRA").  (Docket No. 4.)  Plaintiffs did not respond to this Order, nor have they taken any other significant affirmative action to progress their case since Plaintiff Valigura notified of a change of address in 2006.  (*See* Docket No. 3.)

As discussed below, Plaintiffs have failed to prosecute this action, including failing to respond to the Court or take affirmative action in their case.   Accordingly, the undersigned recommends that this action be dismissed.

## I.  BACKGROUND

In September 2006, Plaintiffs Valigura and Denmark initiated this action seeking to assert various civil rights claims pursuant to 42 U.S.C. § 1983.  (Docket No. 1-1.)  Plaintiffs allege that the defendants violated their civil rights by cruel and unusual punishment. (*Id.* at 14).  Plaintiff Valigura also filed a motion to proceed in forma pauperis.  (Docket No. 1.)  In his motion, Plaintiff Valigura asserted that he had no money or property but that he did receive $20 a month from family members.  (*Id.* at 1-2.)   Although Plaintiff Denmark signed the initial complaint, he never paid the filing fee, nor did he submit an application to proceed in forma pauperis.  Plaintiff Denmark made no subsequent filings or took any further action after signing the initial complaint.

In response, the Court entered an Order first explaining to Plaintiff Valigura of his obligations pursuant to the Prison Litigation Reform Act ("PLRA").  (Docket No. 4.)   The Court also specifically highlighted to Plaintiffs that pursuant to the PLRA, Plaintiff Denmark would be required to pay the filing fee in full or file an application to proceed in forma pauperis, and thus ordered such. (*Id.* at 2.)   It was explained that the action could not proceed without action by Plaintiff Denmark. *Id.*  Plaintiffs were also instructed that should they wish to avoid paying "the filing fee in this case [they] may seek voluntary dismissal of this action . . . within twenty (20) days of the date of this Order."  (*Id.* (emphasis in original).)

Plaintiffs were also informed that they must "keep the Clerk advised in writing of their current address and to file promptly a change of address when necessary."  (*Id.*)  Plaintiffs were

warned that "[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case." (*Id.* (emphasis in original).)   Since that order in 2007, the Plaintiffs have taken no affirmative steps to move this case forward.  Plaintiffs have taken no further action in this case, nor have they had any other contact with the Court.

## II.  ANALYSIS

Plaintiffs' action is subject to dismissal for failure to prosecute.  Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order."  FED. R. CIV. P. 41(b).  Such a dismissal may be made upon motion by the opposing party or on the court's own motion.  *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Plaintiffs have failed to comply with the relevant rules and to prosecute this action.  Plaintiffs never paid the required filing fee, and they failed to respond to the Court's order regarding their obligations pursuant to the PLRA.  In addition, neither Plaintiff have taken any other action to move this case forward.

Put simply, this action should be dismissed for failure to prosecute.  *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action sua sponte for failure to comply with court orders).  Plaintiffs have failed to communicate with the Court in any meaningful way since the last order in 2007, suggesting that

they no longer wish to pursue this action.  It appears that no lesser sanction is available since Plaintiffs failed to respond to the Court's order, and they have taken no further action in this case.[1]

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this miscellaneous action be DISMISSED for failure to prosecute.

### NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiffs, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 5th of July, 2024 at McAllen, Texas.

NADIA S. MEDRANO
United States Magistrate Judge

---

[1] A copy of this Report will be sent to Plaintiffs at the last address they provided.  Should Plaintiffs respond to the Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate.